IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND HILL, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-5393 |
| : | |
| CHESTER COUNTY PRISON, : | |
|     Defendant. : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                               **DECEMBER 4, 2025**

*Pro se* incarcerated Plaintiff Raymond Hill filed this civil action under 42 U.S.C. § 1983 against Chester County Prison ("CCP"). He seeks leave to proceed *in forma pauperis*[1] (ECF Nos. 1, 4). For the following reasons, the Court will grant Hill leave to proceed *in forma pauperis* and dismiss his Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The Court received the motion to proceed *in forma pauperis* and Complaint on September 18, 2025. At that time, Hill requested permission to proceed without submitting a certified copy of his prison trust account statement for the last six months, because he was in the Restricted Housing Unit and did not have access to his intake counselor. (ECF No. 1 at 1.) On October 1, 2025, the Clerk docketed Hill's supplemental motion in which a counselor certified the amount in Hill's account and the average monthly account balance for the prior six months. (ECF No. 4 at 3.) The Court observes that Hill, despite his prior statement that he could not obtain an account statement, submitted a copy of his prison account statement on that very same day in a separate civil matter Hill has filed in this Court. *See Hill v. Liberman*, Civ. A. No. 25-5678. Because his motion to proceed *in forma pauperis* demonstrates his inability to pay the filing fees, the Court will consider his submissions to be substantial compliance with the requirements of the Prison Litigation Reform Act in this one instance only and the case will proceed. Pursuant to that Act, Hill must still pay the filing fee in installments because he is a prisoner.

I.     **FACTUAL ALLEGATIONS**[2]

    Hill is a pretrial detainee incarcerated at CCP. (Compl. at 1.) In September 2025, Hill was housed on the "M-Even" block. (*Id*.) On the morning of the 13th, inmates were cleaning their cells when another inmate, Gomez, allegedly mumbled something in Spanish and punched Hill in the face. (*Id*.) Hill "put [his] guard up" and a fight ensued. (*Id*.) Initially, no correctional officers were present, but when a correctional officer returned to his station, he directed Hill and Gomez to lock in their cells. (*Id*.) Gomez continued to chase Hill; after Hill locked in, Gomez allegedly attempted to hit him with a broom through the bars. (*Id*.) Three other correctional officers came to the block to restrain Gomez. (*Id*.) As a result of the fight, Hill was placed on R-block in the Restricted Housing Unit ("RHU"). (*Id*. at 2.)

    Hill claims that, in the RHU, he was in solitary confinement for 24 hours a day, without any recreation time. (*Id*.) Hill did not have access to daily showers, but could only shower on Mondays, Wednesdays, and Fridays. (*Id*.) His cosmetic items were confiscated, and he did not have access to a toothbrush, toothpaste, and soap except on shower days. (*Id*.) As a result, he could only brush his teeth three times a week, even though he ate three times a day, and the lack of more frequent brushing made his gums painful and sore. (*Id*.) Hill also alleges that he could not clean himself properly after using the bathroom because he lacked access to hygiene products. (*Id*.) His severe dry scalp caused additional discomfort since he was unable to use his medicated shampoo daily. (*Id*.) Hill claims that he filed a grievance about his confinement in the RHU, but he maintains that the jail does not respond to grievances. (*Id*. at 3.)

---

[2] The factual allegations set forth in this Memorandum are taken from Hill's handwritten Complaint and attachments (ECF No. 2). The Court deems the entire submission to constitute the Complaint and adopts the pagination supplied by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

Hill filed this lawsuit alleging that the conditions of his confinement in the RHU violated the constitution. (*Id.* at 2.) He asserts that his treatment could be in retaliation for the two lawsuits he has filed against prison officials. (*Id.*) As injuries, Hill claims that he feels "broken mentally and worthless because [he had to] sit dirty in [his] own body filth." (*Id.*) As relief, he seeks money damages, and requests that the employee responsible for solitary confinement be fired and for inmates housed in the RHU to be permitted daily access to recreation and their cosmetic items.[3] (*Id.* at 3.)

## II.  STANDARD OF REVIEW

The Court will grant Hill leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). *See also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences

---

[3] Even if the Court could identify the unnamed prison employee who Hill requests be fired (*see* Compl. at 3), the Court is not empowered to grant that remedy under § 1983. *Buskirk v. Pennsylvania Bd. of Prob. & Parole*, Civ. A. No. 22-1826, 2022 WL 4542094, at *2 n.4 (E.D. Pa. Sept. 28, 2022) (stating "the Court has no authority to terminate the employment of a state employee" (citing *Teal v. Moody*, Civ. A. No. 15-1402, 2019 WL 6702405, at *1 (M.D. Fla. July 10, 2019) ("[T]o the extent Teal suggests that this Court reprimand the Defendants and/or terminate their employment, this Court does not have the authority to reprimand state employees and/or terminate their employment.")) (additional citation omitted).

in the plaintiff's favor, and ask only whether the Complaint "contains facts sufficient to state a . . . plausible claim." *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotation omitted), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Hill is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245).

### III. DISCUSSION

Hill alleges that his constitutional right to be free from cruel and unusual punishment under the Constitution was violated during his placement on the RHU. He also appears to raise a claim for retaliation in violation of the First Amendment. The vehicle by which constitutional claims may be brought in federal court is 42 U.S.C. § 1983. The statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that

each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Hill alleges § 1983 claims directly against CCP in this action, but CCP is not a proper defendant. In order to bring claims under § 1983, the plaintiff must show a deprivation committed by a *person* acting under color of state law. *West*, 487 U.S. at 48 (emphasis added). A jail or correctional facility is not a "person" under § 1983, and thus, not an appropriate defendant in this action. *Edwards v. Bucks Cnty. Corr. Facility*, Civ. A. No. 19-4923, 2019 WL 5579486, at *2 (E.D. Pa. Oct. 29, 2019) ("Bucks County Correctional Facility is not an entity susceptible to suit under § 1983."); *see also Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)). Should Hill attempt

to amend the Complaint to raise his conditions of confinement[4] and/or retaliation[5] claims, he must allege claims against persons acting under color of state law and allege how each defendant

---

[4] With respect to pretrial detainees, "the imposition of disciplinary segregation for violation of prison rules and regulations cannot be imposed without providing the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 . . . (1974)." *Kanu* v. *Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018). Such "protections include the right to receive written notice of the charges at least 24 hours before the hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence." *Id.* (citing *Wolff*, 418 U.S. at 563-66); *see also Stevenson v. Carroll,* 495 F.3d 62, 70 (3d Cir. 2007) (citing *Wolff*, 418 U.S. at 564). "[D]etention officials' restrictions on pretrial detainees will constitute punishment prohibited by the Due Process Clause when: (1) 'there is a showing of express intent to punish on the part of [those] [ ] officials'; (2) 'the restriction or condition is not rationally related to a legitimate non-punitive government purpose,' *i.e.*, 'if it is arbitrary or purposeless'; or (3) 'the restriction is excessive in light of that purpose.'" *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017) (alterations in original) (quoting *Stevenson*, 495 F.3d at 67-68).

To the extent that Hill, as a pretrial detainee, wants to challenge the alleged lack of showers and exercise within the RHU, the court assesses his Fourteenth Amendment claim by considering whether the conditions of confinement constitute "punishment." *Robinson v. Danberg*, 673 F. App'x 205, 212 (3d Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535(1979)). "To determine whether conditions are punitive, we ask (1) whether there are any 'legitimate purposes . . . served by [the] conditions' and (2) 'whether [the] conditions are rationally related to [those] purposes.'" *Id.* (alterations in original) (quoting *Union Cnty. Jail Inmates v. Di Buono*, 713 F.2d 984, 992 (3d Cir. 1983)). *De minimis* restrictions do not violate the Constitution. *Id.* at 212-13 (citation omitted); *see also Coleman v. Hodges*, Civ. A. No. 18-1152, 2018 WL 6618459, at *4 (W.D. Pa. Nov. 30, 2018) ("[E]ven in the context of pre-trial detainees, unpleasant or adverse conditions that occur in the course of their detention that are de minimis fail to rise to a constitutional violation."), *report and recommendation adopted*, 2018 WL 6618408 (W.D. Pa. Dec. 18, 2018).

[5] To state a plausible First Amendment retaliation claim, an incarcerated plaintiff must allege that: (1) he engaged in constitutionally protected conduct, which includes filing grievances; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Watson v. Rozum*, 834 F.3d 417, 422-23 (3d Cir. 2016) (citing *Rauser*, 241 F.3d at 333-34) (additional citation omitted). Filing a lawsuit or grievance is constitutionally protected activity. *Watson*, 834 F.3d at 422 (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). "An adverse consequence 'need not be great in order to be actionable[;]' rather, it need only be 'more than *de minimis*.'" *Watson*, 834 F.3d at 423 (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)) (alteration in original).

was involved in the events and occurrences giving rise to the claims. *See Rode*, 845 F.3d at 1207.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Hill leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The relief sought in Hill's submissions at ECF Nos. 7 and 8 will be denied without prejudice.[6] Hill will be granted leave to file an amended complaint to provide him with another opportunity to name appropriate defendants and describe how each was involved in the events underlying his claims. An appropriate Order follows, which provides further guidance for proceeding.

**BY THE COURT:**

/s/ John R. Padova, J.

_____

**JOHN R. PADOVA, J.**

---

[6] In ECF Nos. 7 and 8, Hill seeks to amend his claims and to add parties. Hill cannot proceed in this fashion because the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, Civ. A. No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, Civ. A. No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-cv-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . ."). If Hill seeks to amend his complaint, he must do so consistent with the Court's order. Additionally, to the extent Hill seeks to add the Warden of CCP as a Defendant in this case, he has not alleged any factual basis for establishing that the Warden was personally involved in the events that give rise to his claims, as would be required to state a claim against the Warden. Further, to the extent that he is seeking to add claims wholly unrelated to this lawsuit, *i.e.*, those related to his arrest, he must raise such claims in a separate lawsuit and pay the filing fee or submit a motion to proceed *in forma pauperis* with a copy of his prison trust account statement for the past six months.